UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS, | No. 2: 23-cv-2144 KJN P |
| Plaintiff, | |
| v. | ORDER |
| FREDRICK BAKER, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).
3        The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17 1227.
18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
25 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
26 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
27 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
28 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's complaint names 62 defendants and includes three claims for relief. Plaintiff seeks damages and injunctive relief.

In claim one, plaintiff alleges a violation of the Fifth Amendment based on deprivation of property. Plaintiff alleges that in 2019, he filed a claim with the Social Security Administration for SSI benefits. Plaintiff alleges that the Social Security Administration sent plaintiff's money to the Officer of Adult Supervision Probation/Parole in Sacramento. Plaintiff alleges that defendant Baker (plaintiff's parole officer) obtained plaintiff's money. Plaintiff also alleges that "the funds were an award from the United States District Court" for a lawsuit plaintiff filed in 2017. Plaintiff also alleges that defendant Baker and Kathleen Allison sold plaintiff's property to defendant Changdu Vantron Technologies without plaintiff's authorization. Plaintiff also alleges that two tablets were issued to him (plaintiff). Plaintiff may be claiming that his tablets were wrongly confiscated by prison officials.

"The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation." Ward v. Ryan, 623 F.3d 807, 810 (9th Cir. 2010). Plaintiff does not state a potentially colorable Takings Clause claim because he does not clearly allege that his property was taken for public use. For example, plaintiff appears to claim that defendant Baker stole plaintiff's money and used it for defendant Baker's personal use. For these reasons, plaintiff's Fifth Amendment claim is dismissed.

The undersigned also observes that claim one does not state a potentially colorable due process claim. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized

deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the instant case, plaintiff has not alleged any facts suggesting that the alleged deprivations were authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

In claim two, plaintiff alleges violations of his right to due process. Plaintiff alleges that the California State Board of Pharmacy, the Institution for Healthcare Improvement, Accounting Services Bureau, the National Law Enforcement and Corrections Technology Center and the Agency Security Technology Transfer Committee took plaintiff's personal property, identity, and account information in order to steal, defraud and obtain property, vehicles, credit and money belonging to plaintiff. Plaintiff alleges that various other agencies used plaintiff's information to commit fraud, identity theft, etc.

To the extent claim two names state agencies as defendants, these claims are barred by the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state or its agencies absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)). Accordingly, plaintiff's due process claims in claim two against defendant state agencies are barred by the Eleventh Amendment.

To the extent claim two names private companies as defendants, the undersigned finds that plaintiff has not pled sufficient facts demonstrating that the private company defendants acted

4

1  under color of state law.  Section 1983 provides a cause of action for the violation of

2  constitutional or other federal rights by those acting under color of state law.  See, e.g., Patel v.

3  Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011).  A section 1983 plaintiff has the burden to

4  plead and prove that a private party acted under color of state law.  See Tsao v. Desert Palace,

5  Inc. 698 F.3d 1128, 1139-40 (9th Cir. 2012).  If plaintiff files an amended complaint, he shall

6  address how any private companies named as defendants acted under color of state law.

7        To the extent claim two names federal agencies as defendants, the undersigned finds that

8  these claims are barred because federal agencies are not persons within the meaning of 42 U.S.C.

9  § 1983.  "[A] federal agency is not a 'person' within the meaning of" § 1983."  Jachetta v. U.S.,

10 653 F.3d 898, 908 (9th Cir. 2011) (rejecting argument that 42 U.S.C. § 1983 waived sovereign

11 immunity); see also Hoffman v. U.S. Dept. of Housing and Urban Development, 519 F.2d 1160,

12 1165 (5th Cir. 1975) ("[A] federal agency is … excluded from the scope of § 1983 liability.");

13 Peoples v. Navy Board Annex, 2020 WL 1923166, at *2 (E.D. Cal. Apr. 21, 2020) ("The Navy

14 Board Annex is a federal agency, not a state actor that may be sued under § 1983."), report and

15 recommendation adopted, 2020 WL 3256287 (E.D. Cal. June 16, 2020).

16       For the reasons discussed above, claim two is dismissed.

17       In claim three, plaintiff alleges violation of his right to due process.  Plaintiff alleges that

18 defendant Child Protective Services ("CPS") fraudulently used plaintiff's name to implicate

19 plaintiff in criminal activity.  Plaintiff's due process claim against defendant CSP, a state agency,

20 is barred by the Eleventh Amendment.  See Hanley v. California, 2020 WL 3470457, at *2 (E.D.

21 Cal. June 25, 2020) (CPS is a branch of the California Department of Social Services); Walker v.

22 Child Protective Services and Department of Social Services, 2022 WL 1645089, at *4 (E.D. Cal.

23 May 24, 2022) (citing Gomez v. Fresno Police Dep't., 2016 WL 2939416, at *4 (E.D. Cal. May

24 20, 2016) (finding CPS is not a proper defendant in Section 1983 action because it is a state entity

25 immune from suit under the Eleventh Amendment)).

26       For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

27 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about

28 which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v.

Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 16, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lew2144.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>FREDRICK BAKER et al.,<br><br>        Defendants. | No. 2: 23-cv-2144 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint
DATED:

                                                          _____
                                                          Plaintiff