UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS, | No. 2:23-cv-2144 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| FREDRICK BAKER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned recommends that this action be dismissed and that plaintiff's motion for injunctive relief be denied.

Plaintiff's Motion for Injunctive Relief (ECF No. 12)

By order filed October 16, 2023, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted.  (ECF No. 9.)  Thirty days from that date passed and plaintiff did not file an amended complaint.  Instead, on October 24, 2023, plaintiff filed a motion for injunctive relief.  (ECF No. 12).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of

1

preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. Id. at 20.

The injunctive relief sought must be related to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Id. at 636 (adopting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff injunctive relief. Id. A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. Id. (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).

The undersigned cannot determine whether the relief sought in the motion for injunctive relief seeks the relief to be finally granted because plaintiff failed to file an amended complaint. Accordingly, plaintiff's motion for injunctive relief should be denied because plaintiff failed to file an amended complaint.

For the reasons stated herein, the undersigned also finds that plaintiff's motion for injunctive relief does not cure the pleading defects contained in the complaint.

The claims in the motion for injunctive relief are similar to the claims raised in the complaint. The gravamen of plaintiff's motion for injunctive relief appears to be plaintiff's claim that defendants Chengdu Vantron Technologies, the California Department of Corrections and Rehabilitation ("CDCR"), Fredrick Baker and others "feloniously and unlawfully" stole plaintiff's personal property. (ECF No.12 at 1.) Plaintiff alleges that defendants stole his personal property in order to commit fraud, identity theft, violate international trade laws, etc. (Id.) Plaintiff identifies his allegedly stolen property by what appear to be serial numbers. (Id.) The undersigned observes that in the original complaint, plaintiff appeared to identify the allegedly stolen property as tablets. In the motion for injunctive relief, plaintiff again alleges violation of the Fifth and Fourteenth Amendments. (Id. at 2.)

////

For the reasons stated herein, the undersigned finds that the motion for injunctive relief fails to cure the pleadings defects regarding the Fifth and Fourteenth Amendment claims raised in the original complaint.

The undersigned first finds that several of the named defendants in the motion for injunctive relief are improper. The undersigned advised plaintiff in the October 16, 2023 order that his claims against state agencies, including defendant CDCR, are barred by the Eleventh Amendment. (ECF No. 9 at 4.) The undersigned also dismissed plaintiff's claims against private companies because plaintiff did not plead facts demonstrating that these defendants acted under color of state law. (Id. at 4-5.) Plaintiff's motion for injunctive relief does not cure the pleading defects against the state agencies and private companies named as defendants.

The United States Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the motion for injunctive relief, plaintiff alleges no facts suggesting that the alleged deprivations were authorized. Instead, plaintiff alleges that his property was stolen, i.e., an unauthorized deprivation. The California Legislature provided a remedy for tort claims against public officials in the California Government Code §§ 900, et seq. Plaintiff does not allege he sought redress in the state system for the alleged deprivation of his property. For this reason, plaintiff cannot sue in federal court on the claim that the state deprived him of property without due process of law.

Turning to plaintiff's Fifth Amendment claim, "[t]he Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation." Ward v. Ryan, 623 F.3d 807, 810 (9th Cir. 2010). Plaintiff does not allege a

potentially colorable Takings Clause claim because he does not allege that his property was taken for public use.

In the pending motion, plaintiff appears to allege that defendants are using video footage of plaintiff, possibly contained in the allegedly stolen tablets, to earn money. (ECF No. 12 at 2.) Plaintiff alleges that the publication of the video footage causes a "public interest aspect" that cannot be ignored. (Id.)

In the context of a Takings Clause claim, "public use" refers to property taken for use by the public. See Kelo v. City of New London, Conn., 545 U.S. 469, 485 (2005). Plaintiff does not allege that any money earned by defendants from the publication of videos of plaintiff went to the government for public use. For these reasons, plaintiff's allegations that defendants publicized videos taken from his tablets do not state a potentially colorable Takings Clause claim.

While plaintiff alleges that defendant Baker, presumably a CDCR employee, stole plaintiff's property, plaintiff alleges no other facts supporting this claim. Plaintiff does not allege when the theft occurred or describe defendant Baker's involvement in the theft. The vague and conclusory allegations against defendant Baker in the motion for injunctive relief do not state potentially colorable claims against this defendant. Ivey v. Bd. of Regents, 673 F2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient).

For the reasons stated above, the undersigned finds that plaintiff's motion for injunctive relief is without merit. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (an injunction may only be awarded upon a showing that the plaintiff is entitled to relief).

Failure to File an Amended Complaint

As discussed above, on October 16, 2023, the undersigned dismissed plaintiff's complaint with thirty days to file an amended complaint. Thirty days passed and plaintiff did not file an amended complaint. Accordingly, this action should be dismissed.

The undersigned also finds that plaintiff's allegations in the motion for injunctive relief, which appear to address some of the findings in the October 16, 2023 order addressing the original complaint, make clear that plaintiff cannot cure the pleading defects. For this reason, no

further amendment should be permitted. Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Plaintiff's October 26, 2023 Letter (ECF No. 13)

On October 26, 2023, plaintiff filed a letter with the court addressed to the undersigned. (ECF No. 13.) Although this letter is docketed as objections to the October 16, 2023 order dismissing plaintiff's complaint with leave to amend, plaintiff's letter does not address the substance of the October 16, 2023 order. Plaintiff's October 16, 2023 letter contains inappropriate and unsupported remarks regarding the undersigned and other members of this court. No orders will issue addressing plaintiff's October 16, 2023 letter.

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b); and

2. Plaintiff's motion for injunctive relief (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 1, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lew2144.fta